IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMURAI GLOBAL, LLC, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:20-CV-3718-D |
| VS. § | |
| § | |
| LANDMARK AMERICAN § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Landmark American Insurance Company ("Landmark") moves to compel plaintiff Samurai Global, LLC ("Samurai") to produce documents in response to certain requests for production ("RFPs"). In response, Samurai moves for a protective order limiting the scope of discovery. The court grants Landmark's motion to compel and denies Samurai's motion for a protective order.[1]

I

Samurai sues Landmark, its insurer, alleging a breach of insurance contract claim, violations of the Texas Unfair Claims Practices Act, Tex. Ins. Code Ann. § 541.051 *et seq.* (West 2005), and the Prompt Payment of Claims Act, Tex. Ins. Code Ann. § 542.051 *et seq.* (West 2005), and breach of the common law duty of good faith and fair dealing. The lawsuit arises from a coverage dispute concerning Samurai's commercial property, which was

---

[1] Landmark filed on December 13, 2022 a motion for leave to file first amended answer. That motion will be decided separately.

damaged by a tornado the caused extensive damage to Dallas on October 20, 2019.

Landmark served RFPs on Samurai requesting, *inter alia*, production of the following: (1) purportedly relevant emails and communications (RFPs Nos. 6, 10, and 11); (2) inspection and appraisal reports (RFP No. 1); (3) purchase/sale contracts, documents, and communications (RFPs Nos. 2, 3, 4, 5, and 7); and (4) payment information (RFPs Nos. 26 and 27). Samurai objected to RFPs Nos. 1, 2, 4, 26, and 27 as overbroad and irrelevant; offered no objections to RFPs Nos. 3, 5, 6, 7, 10, and 11; and asserted that there were no documents responsive to RFPs Nos. 3, 4, 5, and 7.

The deposition testimony of Samurai's corporate representative, Shinji Kimura ("Kimura"), revealed, however, that Samurai possessed many purportedly responsive documents that it had not produced. Landmark then filed the instant motion to compel production of all documents responsive to the relevant RFPs. Samurai opposes Landmark's motion and moves for a protective order "limit[ing] the scope of discovery to matters that are in dispute." P. Br. (ECF No. 50) at 4. Samurai also requests a hearing. The court denies this request because the default rule is no oral argument, *see* N.D. Tex. Civ. R. 7.1(g), and the court finds that a hearing will not aid the decisional process. The motions will be decided on the briefs.

II

Under Fed. R. Civ. P. 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." Rule 34(a)(1). And, under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or respond to an interrogatory or request for admission.

As the party opposing Landmark's motion to compel, Samurai bears the burden of proof. In the Fifth Circuit, "a party who opposes its opponent's request for production [must] 'show specifically how . . . each [request] is not relevant.'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestratehr, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." (citations omitted)).

III

Landmark's RFPs Nos. 6, 10, and 11 requested all communications from January 2019 onward between Samurai and (1) previous owners of the property; (2) any property manager or property management company; and (3) any public adjuster. Samurai did not object to these RFPs at the time they were served. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see also Samsung Elecs. Am., Inc. v. Yang Kun "Michael" Chung*, 321 F.R.D. 250, 283-84 (N.D. Tex. 2017) (Horan, J.) ("[I]f a party fails to timely respond in writing after being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause . . . [a]nd, even where the responding party has timely served some objections to a Rule 34(a) request, this waiver extends to any grounds not stated in a timely objection." (citations omitted)).

In response to these RFPs, Samurai produced emails from February 2020 onward (notably, four months after the tornado damage took place in October 2019). In support of its motion to compel, Landmark has produced deposition testimony from Kimura in which he acknowledges that Samurai has emails from at least October 2019 discussing the damage caused by the tornado. Samurai offers no specific reasons why it should not be compelled to produce these communications. Accordingly, the court orders Samurai to produce all documents that are responsive to RFPs Nos. 6, 10, and 11.

IV

Landmark RFP No. 1 requested "property inspection reports, engineering reports, due diligence reports, appraisal reports, valuation reports, pre-purchase reports, and any other reports, with all attachments" relating to the purchase or sale of the property. D. Mot. (ECF No. 38) at 6. Samurai objected to this RFP as overbroad and irrelevant, although it produced some responsive documents.

In response to the RFP, Samurai produced only post-tornado property inspection and engineering reports. Kimura testified in his deposition that Samurai has a property inspection report that predates the tornado and was completed when Samurai was acquiring the property, and has an appraisal report that has not been produced. In response, Samurai offers no specific argument supporting why it should not be compelled to produce these reports.

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Taylor v. Rothstein Kass & Co.*, 2020 WL 7321174, at *2 (N.D. Tex. Dec. 11, 2020) (Fitzwater, J.) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.)). Landmark argues, *inter alia*, that the documents it seeks through RFP No. 1 are relevant because "they go directly toward the pre-tornado condition of the Property." D. Mot. (ECF No. 38) at 6-7. The court concludes that, in failing to offer any contrary argument, Samurai has failed to meet its burden to show that the reports are not relevant.

Samurai has failed to demonstrate that the documents requested under RFP No. 1 fall

outside the scope of discovery: i.e., that there is no possibility that the information sought may be relevant to a claim or defense of any party. Accordingly, the court orders Samurai to produce all documents that are responsive to RFP No. 1.

V

Landmark RFPs Nos. 2, 3, 4, 5, and 7 requested "[a]ll contracts, agreements, and purchase/sale documents" relating to Samurai's purchase or sale of the property, and all communications from January 2019 to the present between Samurai and (1) any previous owners of the property relating to Samurai's purchase of the property, and (2) any subsequent owners of the property relating to the sale or condition of the property. D. Mot. (ECF No. 38) at 7-10. Samurai objected to RFPs Nos. 2 and 4 as overbroad and irrelevant and represented that it did not possess any documents responsive to RFPs Nos. 3, 4, 5, and 7.

Samurai produced no documents in response to any of these RFPs. Beginning with RFP No. 2, although Samurai objected to the RFP as overbroad and irrelevant, the court concludes that contracts, agreements, and purchase/sale documents relating to Samurai's purchase of the property are plainly discoverable because they may evidence the pre-tornado condition of the property. The apparent relevance of these documents is heightened by the fact that Samurai purchased the property approximately one month before the tornado damage occurred.

As for Samurai's relevance objection to RFP No. 4, communications about the property with previous owners may also evidence the pre-tornado condition of the property and are therefore discoverable. To the extent that Samurai now represents that no documents

of this type exist, Kimura testified at his deposition that emails with the prior owner of the property do exist. Samurai must produce these emails.

Regarding RFPs Nos. 3, 5, and 7, Kimura's testimony demonstrates that Samurai has documents that are responsive to these RFPs. Accordingly, Samurai is compelled to produce all documents responsive to RFPs Nos. 2, 3, 4, 5, and 7.

VI

Landmark's RFPs Nos. 26 and 27 requested documents reflecting payments to or from previous or subsequent owners of the property. Samurai objected to both of these RFPs as overbroad and irrelevant.

As discussed above, under Rule 26(b)(1), unless limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. As the party resisting discovery, Samurai must show specifically how each RFP is not relevant. Samurai contends these RFPs seek irrelevant information because there is no dispute about who owns the property. But as Landmark posits, these documents are relevant to the issue of damages. Samurai is therefore compelled to produce all documents responsive to RFPs Nos. 26 and 27.

VII

In its response brief in opposition to Landmark's motion to compel, Samurai moves for a protective order "limit[ing] the scope of discovery to matters that are in dispute." P. Br. (ECF No. 50) at 4.

Under Rule 26(c), a party moving for a protective order must show good cause for

entry of such an order and bears the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (first quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); and then citing 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2035, at 483-86 (2d ed. 1994)). If a party maintains that a protective order is necessary to protect it from undue burden or expense, it "must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (Horan, J.) (first citing *Merrill*, 227 F.R.D. at 477; and then citing *SEC v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (Ramirez, J.)). "The Court has broad discretion in determining whether to grant a motion for a protective order." *Id.* at 593 (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985)).

Samurai maintains that a protective order is necessary to protect it from the undue burden and expense of producing documents related to issues that are not in dispute. But Samurai has failed to point to any evidence demonstrating how the discovery is overly broad, burdensome, or oppressive. Nor has it included an affidavit or declaration of someone testifying to the expense of producing additional documents. Indeed, as discussed above, Samurai is unable to meet its burden of establishing that any of the documents Landmark seeks are irrelevant or unreasonably cumulative or duplicative; therefore, any burden caused

by producing these documents cannot be said to be "undue."

The court declines to grant a protective order limiting the scope of discovery beyond the limit established by Rule 26(b) itself, and it denies Samurai's motion for a protective order.

\* \* \*

The court grants Landmark's November 11, 2022[2] motion to compel and denies Samurai's January 4, 2023 motion for a protective order. Samurai must produce the documents identified in this memorandum opinion and order no later than 21 days after the date of this memorandum opinion and order.

**SO ORDERED**.

February 23, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[2]Because Landmark filed the motion on November 11, 2022, a federal holiday, the court deems the motion to have been filed on November 14, 2022, the next business day. This difference in filing dates did not impact the timeliness of the briefing on this motion.