IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMURAI GLOBAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:20-CV-3718-D |
| VS. | § | |
| | § | |
| LANDMARK AMERICAN | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action involving a commercial property insurance coverage dispute, defendant
Landmark American Insurance Company ("Landmark") moves for leave to file a first
amended answer after the deadline for doing so has passed. For the following reasons, the
court grants Landmark's motion.

I

This dispute arose after the property of plaintiff Samurai Global LLC ("Samurai") was
damaged by a tornado that hit Dallas on October 20, 2019. Samurai filed this lawsuit in state
court on November 20, 2020. Defendant Landmark American Insurance Company
("Landmark") answered on December 23, 2020 and thereafter removed the case to this court.
The court entered a scheduling order that set August 2, 2021 as the deadline to file a motion
for leave to amend the pleadings. On November 10, 2021 the parties filed an agreed motion
for continuance in which they requested an extension of the discovery, expert, and
dispositive motion deadlines, and a trial continuance. The court granted the request and

entered an amended scheduling order setting January 4, 2022 as the deadline to file a motion for leave to amend the pleadings.

On April 5, 2022 the parties filed an agreed motion for continuance and to amend the scheduling order. Landmark contends that the parties agreed that additional time was required to conduct discovery due to issues regarding Samurai's ownership of the property that had arisen in discovery and unanticipated medical issues encountered by Samurai's corporate representative. The court granted the parties' request by order dated April 5, 2022; but the deadline to seek leave to amend the pleadings remained unchanged.

Landmark filed the present motion for leave to file a first amended answer on December 13, 2022, more than 11 months after the deadline. Landmark seeks to assert additional facts and defenses "based on misrepresentations and concealment by Plaintiff regarding the property and its ownership of the property at issue." D. Br. (ECF No. 48) at 1. Samurai opposes the motion, contending that Landmark was aware of the facts underlying the ownership of the subject property for more than one year and has not shown good cause. The court is deciding the motion on the briefs.

II

"When, as here, the deadline to file a motion for leave to amend the pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the [Fed. R. Civ. P. 16(b)(4)] good cause standard." *Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, 2021 WL 4822017, at *2 (N.D. Tex. Oct. 15, 2021) (Fitzwater, J.) (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315

- 2 -

F.3d 533, 536 (5th Cir. 2003)). "If the movant[] satisf[ies] the requirements of Rule 16(b)(4), the court next determines whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that '[t]he court should freely give leave when justice so requires.'" *Aircraft Holding Sols., LLC v. Learjet, Inc.*, 2021 WL 2434840, at *4 (N.D. Tex. June 15, 2021) (Fitzwater, J.) (quoting Rule 15(a)(2)). The Rule 16(b)(4) good cause standard presents a hurdle that Landmark must surmount before it must satisfy the more liberal standard of Rule 15(a)(2).

"The court assesses four factors when deciding whether to grant an untimely motion for leave to amend: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Sustainable Modular Mgmt., Inc.*, 2021 WL 4822017, at *2 (quoting *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted)). "The court considers the four factors holistically and 'does not mechanically count the number of factors that favor each side.'" *Id.* (quoting *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012)). "The good cause standard 'require[s] the movant to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* at *3 (quoting *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 488 (5th Cir. 2013) (per curiam)) (internal quotations and citations omitted). "Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish 'good cause.'" *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009

WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.).  "The 'good cause' standard

focuses on the diligence of the party seeking to modify the scheduling order." *Id.*

III

The court turns initially to the question whether to modify the scheduling order under

the good cause standard of Rule 16(b)(4).

A

Under the first factor, the court evaluates Landmark's explanation for failing to timely

move for leave to amend. *See S & W Enters.*, 315 F.3d at 536.

1

Landmark seeks leave to amend its answer to assert additional facts and defenses

based on Samurai's alleged misrepresentations and concealment regarding the property and

Samurai's ownership of the property at issue.  Landmark contends that it only uncovered the

information in question between October 19, 2022 and November 9, 2022, ten months after

the deadline, when it deposed Samurai's corporate representative and other witnesses, and

that it could not have reasonably anticipated the need to amend sooner.  According to

Landmark, although Samurai produced some documents detailing the ownership structure

that Landmark's experts relied on in their reports, the documents were written in Japanese

and the expert reports were limited, providing no information as to the ownership structure

or the relationship between Samurai and the other individual owners of the property.

Landmark also posits that Samurai is ignoring the impact of its numerous prior

representations that it was the sole owner of the property, and that, although Landmark did

- 4 -

refuse to agree to reopen the pleading deadline when Samurai made this request on March 16, 2022, Landmark lacked sufficient information at the time to support amending its own pleadings due to Samurai's refusal to produce documents that Landmark had requested.

Samurai responds that Landmark had been aware of the facts underlying the ownership of the subject property for more than one year because of documents that Samurai produced evidencing the ownership structure of the property; that Landmark's experts used those documents to develop opinions concerning the ownership of the property, which they incorporated into their reports; and that Landmark had the opportunity to amend its pleadings to include the issue of ownership when Samurai sought an agreement with Landmark to reopen the pleading deadline on March 16, 2022, but Landmark refused.

2

The court finds that Landmark's explanation favors granting leave to amend the scheduling order.  In deciding an untimely motion for leave to amend, the court "remembers at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Serv. Temps., Inc.*, 2009 WL 3294863, at *3.  When the court has denied a motion for leave to amend due to the movant's lack of diligence, it has been because the movant possessed all necessary facts before the deadline and "otherwise [made] no showing of diligence that would excuse ignorance of facts" in its possession.  *Lopez v. Reliable Clean-Up & Support Servs., LLC*, 2018 WL 3609271, at *4 (N.D. Tex. July 27, 2018) (Fitzwater, J.).

But when a movant shows that it has diligently pursued its case in all other respects

despite missing the deadline, the court has tended to grant a motion for leave to amend. *See, e.g.*, *Kouzbari v. Health Acquisition Co.*, 2018 WL 6514766, at *3 (N.D. Tex. Dec. 11, 2018) (Fitzwater, J.). For example, in *Kouzbari* the court held that a plaintiff diligently pursued his case despite missing the deadline to move for leave to amend the pleadings when, between the time the defendants made their initial disclosures and the time he moved for leave to amend, the plaintiff actively pursued settlement negotiations with defendants. *Id.* Thus "[i]t was reasonable for [him] to focus on settlement negotiations during this period instead of actively searching defendants' document productions for new claims." *Id.* Further, the fact that the plaintiff initially received the relevant documents more than one year before moving for leave to amend did not change the court's analysis because it was "unsurprising and reasonable that [plaintiff] would have overlooked an attachment to a single email that he received one year before filing suit." *Id.*

The court finds that Landmark diligently defended this case despite missing the deadline to move for leave to amend the pleadings. Based on the record developed so far, it appears that Landmark was misled to believe that Samurai was the sole owner of the property: Samurai indicated that it was the sole owner when applying for insurance coverage, when making a claim for coverage (including on three sworn proof of loss statements submitted to Landmark), in its original petition in this lawsuit, in its certificate of interested persons, and in its Rule 26(a)(1) initial disclosures. Although, in its initial disclosures, Samurai produced six agreements between Samurai and the property owners for 33 of the units containing diagrams of the relationship of the parties, the documents were written in

Japanese and were not produced in English until December 15, 2022, after Landmark filed the present motion.  The fact that Landmark initially received these documents on May 14, 2021, before the deadline to file a motion for leave to amend, or that Landmark's experts relied on them in their reports, does not change the court's analysis.  It was reasonable for Landmark to rely on Samurai's representations about its ownership instead of actively searching Samurai's document productions to confirm whether those representations were true.  Moreover, the record indicates that Landmark made a number of requests for production of documents regarding Samurai's ownership of the property but Samurai did not produce any additional documents pertaining to the ownership issue.

Landmark also appears to have been misled when Samurai represented that the property was made up of apartments when obtaining insurance coverage but failed to mention that the property had been converted to condominiums, a fact that Landmark only discovered when Samurai's corporate representative was deposed on October 19, 2022, after the deadline for filing a motion for leave to amend.  Thus even if Landmark had consented when Samurai sought by agreement to extend the deadline, it would not change the rationale for amending the pleadings now, in light of the information revealed during the October depositions.  The first factor therefore weighs in favor of amending the scheduling order.

B

The second factor considers the importance of the amendment.  This court has previously deemed other proposed amendments to be important where they "potentially provide[d] additional grounds for [a party] to recover," *Mid-Continent Cas. Co. v. Eland*

- 7 -

*Energy, Inc.*, 2009 WL 3074618, at *37 (N.D. Tex. Mar. 30, 2009) (Fitzwater, C.J.), or "directly affect[ed] [a party's] prospects of ultimate recovery," *Richards Grp., Inc. v. Brock*, 2008 WL 1722250, at *2 (N.D. Tex. Apr. 14, 2008) (Fitzwater, C.J.). Similarly, allowing Landmark to amend its answer to include these additional facts and defenses is important because it would enable Landmark to assert a defense that directly affects Samurai's prospects of ultimate recovery. Therefore, this factor weighs in favor of amending the scheduling order.

C

Under the third factor, the court considers the potential for prejudice to Samurai if the court modifies the scheduling order to enable Landmark to move for leave to amend its answer.

Landmark contends that Samurai will not be prejudiced if this motion is granted because Samurai was aware of these issues, yet concealed the information from Landmark. Landmark posits that, if the motion is denied, it will face severe prejudice because the inability to amend its answer will be "detrimental to Landmark's rights and claims." D. Br. (ECF No. 41) at 8.

Samurai responds that, because of Landmark's refusal to agree to extend the pleadings deadline in March 2022, Samurai incurred additional costs of filing a separate suit to assert claims of theft and vandalism in a different venue, and that if the court grants this motion, and Landmark is permitted to include allegations regarding damage that is currently being litigated in another case, this will lead to confusion, duplication of efforts, and potentially

- 8 -

conflicting rulings by different courts.

The court concludes that this factor weighs in favor of amending the scheduling order. The claims of theft and vandalism that Samurai has opted to litigate in a separate lawsuit are relevant in the present case because the defense that Landmark now seeks to assert—Samurai's alleged misrepresentations and concealment—applies here as well. The fact that Samurai has brought those claims in another lawsuit does not preclude Landmark from mounting a defense against them in this suit as well.

## D

The fourth factor considers the availability of a continuance to cure any prejudice. The court concludes that this factor weighs in favor of amending the scheduling order. The trial is set for the two-week docket of June 5, 2023, more than three months away. If necessary, the court can continue the discovery deadline and the trial.

## E

The court now addresses the four factors holistically, without mechanically counting the number of factors that favor each side. *See Serv. Temps, Inc.*, 2009 WL 3294863, at *3.

After weighing all of the relevant factors, the court concludes that Landmark has shown good cause to amend the scheduling order. Landmark has provided a sufficient explanation for its failure to timely plead additional facts and defenses because it did not have all of the relevant information until after the deadline. The amendment is important because it will enable Landmark to assert a defense directly affecting Samurai's prospects of recovery. Although Samurai faces some prejudice by having incurred the additional costs

of filing a separate suit for the theft and vandalism claims after Landmark declined to agree to reopen the pleadings, Landmark did not have sufficient information to move to amend its answer at the time.  The defense that Landmark seeks to assert applies equally to the theft and vandalism claims at issue in this case.  Landmark will be prejudiced if its motion is denied because it will be unable to plead an available defense.  And the court can continue the discovery deadline and the trial, if necessary, to cure any other potential prejudice that Samurai might incur.  Thus Landmark has shown good cause to amend the scheduling order.

IV

Having found good cause to amend the scheduling order, the court now turns to the question whether leave to amend should be granted under the comparatively more liberal Rule 15(a)(2) standard.

"The court should freely give leave when justice so requires."  Rule 15(a)(2). Granting leave to amend, however, "is by no means automatic."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)).  In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id*. (citing cases).

Samurai limits its argument to the Rule 16(b)(4) factors and does not address any of the factors that weigh against granting leave under Rule 15(a)(2).  Because the court is unable to find under the more liberal Rule 15(a)(2) standard a sufficient basis to deny

- 10 -

Landmark leave to amend, it concludes that such leave should be granted.

\* \* \*

For the reasons stated, the court grants Landmark's motion for leave to file first amended answer and directs the clerk of court to docket ECF No. 41-1 as Landmark's first amended answer.

**SO ORDERED**.

February 24, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 11 -