IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMURAI GLOBAL, LLC, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:20-CV-3718-D |
| VS. | § |
| | § |
| LANDMARK AMERICAN | § |
| INSURANCE COMPANY, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Landmark American Insurance Company ("Landmark") moves under Fed. R. Civ. P. 26(c) for a protective order precluding plaintiff Samurai Global, LLC ("Samurai") from deposing Landmark's attorney, Matthew Sullivan, Esquire ("Sullivan").[1] For the reasons that follow, the court grants the motion.

I

The court assumes the parties' familiarity with its prior memorandum opinions and orders that recount the pertinent background facts and procedural history of this case.[2]

---

[1] Landmark filed its motion on November 9, 2023, so Samurai's response was due 21 days thereafter, on November 30, 2023. Because the time for a response has elapsed, the motion is now ripe for decision.

[2] *See Samurai Glob., LLC v. Landmark Am. Ins. Co.*, 2023 WL 2190190 (N.D. Tex. Feb. 23, 2023) (Fitzwater, J.); *Samurai Glob., LLC v. Landmark Am. Ins. Co.*, 2023 WL 2232131 (N.D. Tex. Feb. 24, 2023) (Fitzwater, J.); *Samurai Glob., LLC v. Landmark Am. Ins. Co.*, 2023 WL 4089423 (N.D. Tex. June 20, 2023) (Fitzwater, J.).

This case concerns an insurance dispute between Samurai, the insured, and Landmark, its insurer. In the course of discovery, Landmark learned—and the court acknowledged—that Samurai made misrepresentations in its insurance application concerning the ownership and usage of the property that is the subject of the dispute. Landmark then filed a counterclaim against Samurai for rescission, alleging that, in light of Samurai's misrepresentations, Landmark was entitled to rescission of the insurance policy.

On October 27, 2023 Samurai's counsel sent a letter to Landmark's counsel, seeking information evidencing "(1) the factual basis for the claims underlying the rescission or describing the investigation performed by [Landmark's counsel] into whether [Samurai]'s alleged misrepresentations were accurate; [and] (2) the date when [Landmark's counsel] advised Landmark that any of the alleged representations were actually false." D. App. (ECF No. 78) at 5. Samurai requested that Landmark produce "any reports, memorandums, or other communications between [Landmark's attorneys]" related to the rescission counterclaim and allow a deposition of Sullivan, one of Landmark's trial attorneys, on the subject. *Id.*

Landmark then filed the instant motion, seeking to preclude Sullivan's deposition on the ground that he is Landmark's attorney. Samurai has not responded to the motion,[3] which the court is deciding on the briefs, without oral argument.

---

[3]*See supra* note 1.

II

Under Rule 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Rule 26(c)(1). If the court deems the motion meritorious, it may impose a protective order that, *inter alia*, "forbid[s] certain disclosures, specif[ies] the terms for disclosure, forbid[s] inquiry into certain matters, or limit[s] the scope of disclosure to certain matters." *Alvarado v. Air Sys. Components LP*, 2022 WL 800731, at *2 (N.D. Tex. Mar. 15, 2022) (Godbey, J.) (citing Rule 26(c)(1)(A)). The court has broad discretion to grant a motion for protective order, on a showing of "good cause," "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c)(1). "The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002) (Kaplan, J.) (citation omitted). The party seeking the protective order bears the burden of making a specific objection and showing that the discovery fails the Rule 26(b)(1) proportionality calculation. *Carter v. H2R Rest. Holdings, LLC*, 2017 WL 2439439, at *4 (N.D. Tex. June 6, 2017) (Horan, J.).

III

"Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances." *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). Accordingly, the Fifth Circuit has noted that

"a request to depose opposing counsel generally would provide a district court with good cause to issue a protective order." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999). To determine whether a deposition of opposing counsel is appropriate, the Fifth Circuit has applied—although not explicitly adopted—the Eighth Circuit's three-part test from *Shelton v. American Motors Corp.*, which forbids a party from deposing opposing counsel unless the party can show that: (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *See id.* at 208 (citing *Shelton*, 805 F.2d at 1327). Numerous district courts in the Fifth Circuit have applied the *Shelton* test when considering a protective order precluding the deposition of opposing counsel. *See, e.g.*, *Klocke v. Univ. of Tex. at Arlington*, 2018 WL 11470426, at *1 (N.D. Tex. Apr. 9, 2018) (McBryde, J.)*; McKinney/Pearl Rest. Partners, L.P.*, 2016 WL 3033544, at *5 (N.D. Tex. May 26, 2016) (Horan, J.); *Nat'l W. Life Ins. Co. v. W. Nat'l Life Ins. Co.*, 2010 WL 5174366, at *2 (W.D. Tex. Dec. 13, 2010); *Murphy v. Adelphia Recovery Tr.*, 2009 WL 4755368, at *3-6 (N.D. Tex. Nov. 3, 2009) (Kaplan, J.).

IV

Samurai has not met its burden of showing, under the *Shelton* factors, that it should be permitted to take Sullivan's deposition.

A

First, Samurai has not established that no other means exists to obtain the information it seeks. Samurai desires to inquire into the factual bases and evidentiary support for the factual allegations in Landmark's rescission counterclaim. Samurai asserted in its October

27 letter that it was unable to obtain this information through the depositions of Landmark's identified corporate representatives, and that these individuals "on numerous occasions referred the questioning attorney to Landmark's counsel as the source of information for [Samurai's] requests." D. App. (ECF No. 78) at 5. But as this court has noted in another case, the subjects on which Samurai seeks information "veer into protected work-product territory and are more properly the subject of contention interrogatories" than of a deposition. *Kaye v. Lone Star Fund V (U.S.), L.P.*, 2012 WL 13093400, at *4 (N.D. Tex. Mar. 23, 2012) (Toliver, J.). Landmark asserts that Samurai has neither issued contention interrogatories on this subject nor explained why this option is unavailable. Samurai has also failed to show that it cannot obtain this information from the documents it requested in the October 27 letter—particularly considering the fact that Landmark has not expressed any objection to producing this material.

B

Second, Samurai has not shown that the information it seeks from Sullivan is both relevant and nonprivileged. The information clearly could be relevant to Samurai's defense against Landmark's rescission counterclaim, because it is information about the factual basis for that claim. But Samurai has not established that the information is nonprivileged. In requesting documents from Landmark in the October 27 letter, Samurai stated: "Should Landmark believe that these communications are protected by the attorney-client privilege and/or the attorney work product privilege, we request that any documents responsive to this request be gathered, identified in a privilege log, and prepared to be submitted to the court

for *in camera* inspection." D. App. (ECF No. 78) at 5. Given that Samurai apparently seeks the same information from these documents as from deposing Sullivan, this indicates that Samurai perceives at least a possibility that the information it seeks could be privileged. And Samurai has provided no evidence to the contrary.

C

Third, Samurai has not shown that this information is crucial to the preparation of its case. Nothing in the October 27 letter indicates that Samurai cannot do without the information that Sullivan could provide in a deposition, and Samurai has made no additional arguments to that effect.

D

Consequently, Samurai has not met its burden of establishing the propriety of Sullivan's deposition. Landmark, on the other hand, has demonstrated that allowing the deposition would be unduly burdensome. The court concludes from its review of the pertinent parts of the record that Landmark has met *its* burden of showing good cause for a protective order.

\* \* \*

For the reasons explained, the court grants Landmark's motion for a protective order precluding the deposition of Sullivan by Samurai in this suit.

**SO ORDERED**.

December 13, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE