IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMURAI GLOBAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:20-CV-3718-D |
| | § | (Consolidated with |
| LANDMARK AMERICAN | § | Civil Action No. 3:22-CV-2774-D) |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In these consolidated actions, plaintiff Samurai Global, LLC ("Samurai") sues its insurer, defendant Landmark American Insurance Company ("Landmark"), alleging claims for breach of an insurance contract and for violations of the Texas Insurance Code, Tex. Ins. Code Ann. §§ 541.060, 541.061 (West 2023). In February 2022 Landmark produced an expert report ("First Report") for its expert, Thomas H. Veitch ("Veitch"). On September 5, 2024 Landmark produced a second expert report ("Second Report") for Veitch. Samurai moves to strike the Second Report as untimely and to limit Veitch's testimony to the contents of the First Report. For the reasons that follow, the court grants the motion in part and denies it in part.

I

This action is a consolidation of two cases that arise out of two related insurance claims brought by Samurai against its insurer, Landmark: the action numbered 3:20-CV-3718-D (the "Tornado Case"), and the action numbered 3:22-CV-2774-D (the "Theft and

Vandalism Case").[1]  The instant motion concerns Landmark's expert witness, Veitch.

On February 5, 2022 Landmark designated Veitch as an expert in the Tornado Case. On February 10, 2022 it produced the First Report, in which Veitch opined exclusively on matters concerning Samurai's tornado claim.  On November 13, 2023, Landmark designated Veitch as an expert in the Theft and Vandalism Case.  But it did not produce a corresponding expert report in the Theft and Vandalism Case.  Instead, after the Tornado Case and the Theft and Vandalism Case were consolidated into the instant action in January 2024, Landmark on September 5, 2024 produced the Second Report, in which Veitch opines on matters concerning both Samurai's tornado claim and its theft and vandalism claim.

Samurai now moves to strike the Second Report as untimely and to limit Veitch's testimony to the contents of the First Report.  Samurai contends that the Second Report was untimely produced after the November 13, 2023 deadline for expert reports under the January 24, 2023 scheduling order in the Theft and Vandalism Case.  Landmark opposes the motion. It contends that the Second Report is a supplemental report under Fed. R. Civ. P. 26(e)(2), and therefore was timely produced before the September 7, 2024 deadline, which is 30 days before the October 7, 2024 trial setting.  The court is deciding the motion on the briefs, without oral argument.

---

[1] For a broader recitation of the background facts and procedural history, *see, e.g.*, *Samurai Glob., LLC v. Landmark Am. Ins. Co.*, 2024 WL 1837960, at *1-2 (N.D. Tex. Apr. 26, 2024) (Fitzwater, J.).

II

Rule 26(a)(2)(B) provides that the disclosure of certain expert witnesses must be accompanied by a written report that contains, *inter alia*, "a complete statement of all opinions the witness will express[.]" Rule 26(e)(1)(A) requires that disclosures made under Rule 26(a) be supplemented "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Expert witnesses who are required to provide a report under Rule 26(a)(2)(B) must supplement "information included in the report and [] information given during the expert's deposition. . . . by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Rule 26(e)(2); *see also Jacobs v. Tapscott*, 2006 WL 2728827, at *11 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) (holding that supplementation of expert's report was due by the deadline for Rule 26(a)(3) pretrial disclosures), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

"[T]he line between supplemental opinions and new opinions is not always clear, and the decision regarding how to make the distinction . . . depends on the facts of the case." *Charter Sch. Sols. v. GuideOne Mut. Ins. Co.*, 2019 WL 5258055, at *2 (W.D. Tex. June 28, 2019) (second alteration in original) (quoting *Charles v. Sanchez*, 2015 WL 808417, at *8 (W.D. Tex. Feb. 24, 2015)). "The purpose of supplementary disclosures is just that—to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Jacobs*, 2006 WL 2728827, at *12 (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998)). That

is, "supplemental disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016) (citation and internal quotation marks omitted). Thus "[w]hen 'the analysis and opinions in the second report [are] largely new rather than supplementary,' they cannot qualify as a supplemental expert report under Rule 26(e)." *Albritton v. Acclarent, Inc.*, 2020 WL 11627275, at *13 (N.D. Tex. Feb. 28, 2020) (Lynn, C.J.) (second alteration in original) (quoting *In re C.F. Bean*, 841 F.3d at 372).

III

The court concludes that the opinions in the Second Report that concern Samurai's tornado claim—but not those that concern Samurai's theft and vandalism claim—are supplemental. Thus disclosure on September 5, 2024 was timely only as to the tornado claim-related opinions.

A

The opinions in the Second Report that concern Samurai's theft and vandalism claim plainly are not "supplemental" under Rule 26(e). The First Report did not opine on the theft and vandalism claim at all; therefore the entirely new theft and vandalism "analysis and opinions in the [Second Report] . . . cannot qualify as [] supplemental expert [opinions] under Rule 26(e)." *Albritton*, 2020 WL 11627275, at *13 (citation and internal quotation marks omitted).

Moreover, to permit Landmark to "supplement" the First Report with Veitch's September 5, 2024 opinions about Samurai's theft and vandalism claim would be tantamount

to extending the November 13, 2023 expert report production deadline by almost ten months. Under the scheduling order in the Theft and Vandalism Case, the expert designation and report production deadline was November 13, 2023. *See* Scheduling Order (3:22-CV-2774-D) (ECF No. 11) at 1, 3. And the January 9, 2024 amended scheduling order that was issued when the actions were consolidated did not modify that deadline. *See* Amended Scheduling Order (ECF No. 85) at 1. Landmark disclosed for the first time Veitch's theft and vandalism opinions on September 5, 2024, which is almost ten months after the November 13, 2023 report production deadline. Such delay is emblematic of a non-supplemental disclosure, because "supplemental disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information[,]" *In re C.F. Bean*, 841 F.3d at 365 (citation and internal quotation marks omitted), such as "the expert designation and report production deadline[,]" *Metro Ford Truck Sales*, 145 F.3d at 324.

The opinions in the Second Report that concern Samurai's tornado claim, however, appear to be "supplemental" under Rule 26(e). For those opinions Veitch purports to rely on materials such as Samurai's March 10, 2023 first amended complaint and certain depositions that were taken between March 2, 2022 and July 18, 2023. "Supplemental disclosures are [] permissible as a means of 'correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.' " *Daedalus Blue LLC v. SZ DJI Tech. Co.*, 2022 WL 831619, at *2 (W.D. Tex. Feb. 24, 2022) (emphasis omitted) (quoting *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012)). Unlike Veitch's theft and vandalism opinions, his tornado-

related opinions were timely produced in an initial disclosure, the First Report. The Second Report's tornado-related opinions—which merely correct the inaccuracies or fill the interstices of the First Report based on Samurai's amended pleadings and certain deposition testimony, which information was not available at the time of the First Report—are therefore permissible supplemental disclosures.

B

The Second Report's non-supplemental theft and vandalism opinions are untimely. "Absent a stipulation or a court order, [expert report] disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial[.]" Rule 26(a)(2)(D)(i). The deadline for Veitch's non-supplemental expert opinions in this case is uncertain. It could be any of the following: January 14, 2022, per the November 15, 2021 scheduling order in the Tornado Case, Amended Scheduling Order (ECF No. 33) at 2, ¶ II.B; November 13, 2023, per the January 24, 2023 scheduling order in the Theft and Vandalism Case, Scheduling Order (3:22-CV-02774-D) (ECF No. 11) at 1, 3; July 9, 2024 (90 days before the October 7, 2024 trial setting), per Rule 26(a)(2)(D)(i); or September 4, 2024 (90 days before the December 3, 2024 trial setting), per Rule 26(a)(2)(D)(i). But the court need not resolve this issue, because even assuming *arguendo* the latest date of September 4, 2024, Landmark's September 5, 2024 disclosure of Veitch's non-supplemental theft and vandalism opinions is untimely.

The Second Report's supplemental tornado-related opinions, however, are timely. Supplemental expert reports "must be disclosed by the time the party's pretrial disclosures

- 6 -

under Rule 26(a)(3) are due." Rule 26(e)(2). Upon consolidating the actions, the court ordered that "[t]he June 23, 2021 trial setting order (ECF No. 29) (as modified on April 5, 2022 and April 28, 2023) entered in Civil Action No. 3:20-CV-3718-D will control such matters." Amended Scheduling Order (ECF No. 85) at 1. And the June 23, 2021 trial setting order provides that "[t]he required pretrial disclosures must be made at least 30 days before the date of the trial setting." Trial Setting Order (ECF No. 29) at 3, ¶ 12. When Landmark disclosed the Second Report, the trial was set for October 7, 2024. Order (ECF No. 110). Thus the pretrial disclosures were due by September 7, 2024, and Landmark's September 5, 2024 disclosure of Veitch's supplemental tornado-related opinions is timely.

Accordingly, the Second Report is a timely supplemental disclosure as to its analysis and opinions concerning Samurai's tornado claim, but not as to its analysis and opinions concerning Samurai's theft and vandalism claim. Veitch's theft and vandalism analysis and opinions are therefore stricken as untimely disclosed.

IV

The court now considers whether to permit Veitch to testify at trial based on the unstricken information in the Second Report.

A

Courts, including this one, have cautioned that problems can arise when they allow supplementation too close to the date of trial. *See Jacobs*, 2006 WL 2728827, at *11.

> [I]n light of the large window of time allowed . . . to supplement expert disclosures, the Court should not automatically permit testimony at trial as to the newly discovered information if, considering the facts of the case, it is convinced that doing so would be unfair or cause undue delay or expense.

*Id.* (quoting *Tucker v. OHTSU Tire & Rubber Co.*, 49 F.Supp.2d 456, 461 (D. Md. 1999)). In determining whether to permit trial testimony based on information that is newly disclosed in a supplemental report,

> the Court should consider the following factors: (1) the explanation for making the supplemental disclosure at the time it is made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice.

*Id.* (quoting *Tucker*, 49 F.Supp.2d at 461).

B

1

The court first considers Landmark's explanation for its failure to supplement earlier. Landmark maintains that the Second Report is based on Samurai's amended pleadings and certain depositions, all of which occurred after Veitch's initial disclosure and report. But this explains only Landmark's need to supplement the First Report, not *why* it did not supplement earlier. The date of the latest material on which Veitch purports to rely in the Second Report is July 18, 2023. Landmark did not supplement until September 5, 2024, which is over one year later. Landmark offers no explanation, let alone a good one, for this lengthy delay.

2

The court addresses second the importance of the testimony. Landmark contends that the supplemental information is "important since[] . . . the testimony from these depositions directly supports a number of Veitch's opinions regarding Landmark's proper handling of the claim." D. Resp. (ECF No. 123) at 9. The court agrees. Throughout the Second Report, Veitch relies on deposition testimony to support his opinions regarding various of Samurai's tornado-related allegations. For example, in the Second Report, Veitch supports his opinion that Landmark's repair position is bolstered by Samurai's alleged failure to mitigate post-tornado damage to the insured structure using the deposition testimony of Samurai's owner (Shinji Kimura). In the First Report, this is supported by a building consultant's report.

3

The remaining two factors focus on prejudice: the prejudice to Samurai of allowing the evidence, and the possibility of curing the prejudice through a continuance. *See Jacobs*, 2006 WL 2728827, at *13 (citing *MGE UPS Sys., Inc. v. Fakouri Elec. Eng'g, Inc.*, 2006 WL 680513, at *5 (N.D. Tex. Mar.14, 2006) (Means, J.)). The burden is on Landmark to show that Samurai will not be unduly prejudiced. *See Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 2506957, at *3 (N.D. Tex. Aug. 15, 2006) (Fitzwater, J.) (citing *Wright v. Blythe-Nelson*, 2001 WL 804529, at *5 (N.D. Tex. July 10, 2001) (Fitzwater, J.)).

Samurai contends that it would be substantially prejudiced if Veitch is permitted to testify to his opinions in the Second Report because Samurai "does not have adequate time to provide rebuttal expert testimony, nor is there adequate time for [it] to prepare to depose

Landmark's expert on the previously undisclosed contents within the Second Report." P. Br. (ECF No. 119) at 3-4.  Landmark responds that Samurai would suffer no prejudice because Samurai never had any intention of rebutting or deposing Veitch—"Samurai never retained an expert to rebut Veit[c]h nor sought to take Veitch's deposition during the two and a half years that have elapsed since Veitch's initial designation and report.  Samurai has likewise disregarded Landmark[']s] offer to present Veitch for deposition on the contents of [the Second] Report." D. Resp. (ECF No. 123) at 9.  Landmark also maintains that any possible prejudice is readily cured by the court's previous "continu[ance of] the trial setting for other reasons until December 2024 . . . , allowing Samurai ample time to respond to the information in [the Second] Report." *Id.* at 9.

Because of Samurai's manifest uninterest in rebutting or deposing Veitch, and because the unrelated continuance of the trial setting until December 3, 2024 gives Samurai ample time to prepare to respond to the unstricken opinions in the Second Report, the court discerns no undue prejudice to Samurai that has not already been cured by the unrelated continuance.

Considering the four factors, the court concludes in its discretion that Veitch should be permitted to give trial testimony on his unstricken opinions in the Second Report: i.e., his analysis and opinions that concern Samurai's tornado claim.

\* \* \*

For the reasons explained, the court grants in part and denies in part Samurai's September 11, 2024 motion to strike the Second Report as untimely and to limit Veitch's testimony to the contents of the First Report. The Second Report is stricken except for the analysis and opinions that concern Samurai's tornado claim, and Veitch's trial testimony regarding the Second Report is confined to its unstricken contents.

**SO ORDERED**.

October 18, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE